**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————————

**No. 19-4542**

————————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER DOMINIQUE GARRIS,

Defendant - Appellant.

————————————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00395-D-1)

————————————————

Submitted:  September 29, 2022                    Decided:  April 14, 2023

————————————————

Before GREGORY, Chief Judge, and KING and QUATTLEBAUM, Circuit Judges.

————————————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

————————————————

**ON BRIEF:**  Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

————————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Dominique Garris pled guilty, pursuant to a written plea agreement, to possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). The district court sentenced Garris to 162 months' imprisonment. On appeal, Garris challenges his § 922(g)(1) conviction in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). He also argues that the district court made various errors in calculating his Sentencing Guidelines range. We affirm in part and dismiss in part.

Garris first contends that his § 922(g)(1) conviction must be vacated in light of the Supreme Court's ruling in *Rehaif* because the district court accepted his guilty plea to that offense without informing him that the Government would be required to prove at trial that he knew of his prohibited status when he possessed the firearm. Because Garris did not present this contention to the district court, we review it for plain error only. *See United States v. Heyward*, 42 F.4th 460, 465 (4th Cir. 2022).

"In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) (emphasis omitted). "[A] *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. "When a defendant advances such an argument or representation on appeal, the [appellate] court

2

must determine whether the defendant has carried the burden of showing a reasonable probability that the outcome of the district court proceeding would have been different." *Id.* (internal quotation marks omitted). Where, as here, a defendant has pled guilty to a § 922(g)(1) charge, the defendant has the burden of showing "that, but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty." *Id.* at 2098.

Garris argues that he might not have known that he had been convicted of a crime punishable by more than a year in prison when he possessed the firearm because he was relatively young when he pled guilty to his prior felony offenses, he received a suspended sentence for some of his prior felonies, and he had never served more than a year in prison for any felony conviction prior to his conduct in this case. Based upon our review of the record, however, we conclude that Garris' argument is insufficient under *Greer*.

Prior to his possession of the firearm underlying the § 922(g)(1) offense, Garris had pled guilty to 11 felonies in North Carolina state court, and he received a suspended sentence of 14 to 24 months' imprisonment for some of those felony convictions. *See United States v. Bryant*, 976 F.3d 165, 176 (2d Cir. 2020) ("Although [the defendant] served no actual time due to the suspended sentence, there is no reasonable probability that he was unaware that he could have served more than one year of imprisonment."). Notably, about one month before committing the § 922(g)(1) offense, Garris pled guilty to possession of a firearm as a felon in North Carolina state court. *See United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (holding that defendant could not show that *Rehaif* error affected his substantial rights where he had prior felon-in-possession

3

conviction in state court).  In light of those facts, Garris has not shown a "reasonable probability that the outcome of the district court proceeding would have been different" absent the *Rehaif* error.  *Greer*, 141 S. Ct. at 2100 (internal quotation marks omitted).  And because Garris has not established that the *Rehaif* error affected his substantial rights, we affirm his § 922(g)(1) conviction.[*]

Garris next claims that his trial counsel was ineffective for failing to advise him about the *Rehaif* errors in the indictment and the guilty plea colloquy prior to his sentencing hearing.  This court does not consider ineffective assistance of counsel claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record."  *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016).  Because the face of the present record does not reveal that Garris' trial counsel was ineffective, we decline to consider Garris' claim.  Garris' claim should be presented, if at all, in a 28 U.S.C. § 2255 motion.  *See United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

Garris also challenges his sentence, arguing that the district court made several errors in calculating his Guidelines range.  The Government asserts that Garris' challenges to his sentence are barred by the appeal waiver contained in the plea agreement and asks us to dismiss this appeal in part.

---

[*] In a letter filed pursuant to Fed. R. App. P. 28(j), Garris argues that he is entitled to relief from his § 922(g)(1) conviction under our recent decision in *Heyward*, where we vacated the defendant's felon-in-possession conviction on plain-error review because of a *Rehaif* error.  42 F.4th at 471.  But *Heyward* is readily distinguishable from Garris' case and does not support a vacatur of Garris' § 922(g)(1) conviction.

Where the Government seeks to enforce an appeal waiver and has not breached the plea agreement, this court will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Our review of the record reveals that the appeal waiver contained in Garris' plea agreement is valid and enforceable, as Garris entered it knowingly and voluntarily. *See United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017). We are also satisfied that Garris' challenges to his sentence are within the appeal waiver's scope. Accordingly, we dismiss the sentencing aspect of this appeal.

We therefore affirm in part and dismiss in part. We also deny Garris' motions seeking leave to file pro se supplemental briefs. *See United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018) ("[A]n appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

5